### In re RUESPIN CORPORATION, Debtor.

### Bankruptcy No. 88–00026–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Feb. 5, 1988.

Chad P. Pugatch, Ft. Lauderdale, Fla., for movants.

Michael Mann, Miami, Fla., for debtor.

Jeannette Tavormina, North Miami, Fla., trustee.

## ORDER GRANTING STAY RELIEF

THOMAS C. BRITTON, Chief Judge.

The motion (CP 8) of the debtor's mortgagees for stay relief was heard February 4. For the reasons stated below, the motion is granted retroactively to January 5.

Before bankruptcy, movants obtained a foreclosure judgment, the property was sold by the clerk, and a Certificate of Sale was issued December 7, 1987. The

debtor then filed an objection to the sale. Several hours before the State court overruled the objection on January 5, 1988 and immediate issuance of a Certificate of Title by the State court Clerk, the debtor filed this chapter 7 petition. These last two acts are voidable in view of the bankruptcy statutory stay. 11 U.S.C. § 362(a).

■ It is movants' position that only the debtor's right of redemption remains, only the trustee may exercise that right, and the trustee has no interest in doing so. I agree.

■ The burden is on those who would oppose this motion.[1] The trustee has neither responded nor appeared. I presume, therefore, that she does not oppose the motion.

■ The debtor's only response is an offer to provide adequate protection. However, the trustee is immediately vested with all right, title and interest to the debtor's property upon the filing of the petition. 11 U.S.C. §§ 541 and 542. In chapter 7, the debtor has no interest in the estate except as to exempt property. This *corporate* debtor has no exempt property and therefore no remaining interest in this property.

■ An offer of adequate protection would be relevant only if a party would have the right in bankruptcy to cure the mortgage default and reinstate the mortgage loan. § 361. In this chapter 7 case, the *debtor* has no such right. There is, therefore, no merit in the debtor's opposition. For this reason, movants are entitled to immediate stay relief.

■ Failure to make the stay relief retroactive to January 5 would accomplish nothing other than to require the State court to reissue its Order and Certificate and thus extend the period of redemption about 30 days (from January 5 to the State court's repetition of its acts of January 5). The trustee has shown no interest in redemption. There is, therefore, no purpose to be served by requiring the State court to act again.

■ The debtor has considered the possibility of converting this case to chapter 11 under § 706(a). If this case were presently in chapter 11, movants would still be entitled to stay relief, because the right to cure and reinstate a defaulted mortgage expires when the mortgaged property is sold and this property was sold December 7, 1987, 29 days before bankruptcy. *In re Glenn,* 760 F.2d 1428, 1442 (6th Cir.), *cert. denied,* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985).[2]

After a foreclosure sale, only the right of redemption remains. It expires in Florida upon the issuance of the Certificate of Title. The certificate was issued here after the filing of bankruptcy; therefore, the right of redemption existed on the date of bankruptcy.

Under § 108(b) the trustee has at least a 60-day grace period after bankruptcy to cure a default by redemption and, under § 1107(a), a chapter 11 debtor also has that grace period. That 60-day period would continue until March 5 but for the stay relief I have granted in this Order. However, neither the chapter 7 trustee nor the debtor has any intention of redeeming this property, which would require the payment of at least $130,592.

If my assumption is incorrect and if either the debtor or the trustee has the means and intention to redeem by March 5, a timely motion for rehearing could persuade me to eliminate the retroactive timing of this order and thus enable either party to redeem the title to this property.

---

1. § 362(g). Movant has the burden of proof only with respect to the debtor's equity in the property. That issue is not essential to the disposition of this motion.

2. Although *Glenn* was in chapter 13, the issues and the holding are equally applicable here. I have recently discussed *Glenn* at some length in *In re Campbell,* 82 B.R. 614, Order Modifying Order of Dismissal (1–27–88). That discussion is adopted here by this reference. As stated by the court in *In re Taddeo,* 685 F.2d 24, 29 (2nd Cir.1982):

"'curing a default' in Chapter 11 means the same thing as it does in Chapters 7 or 13: the event of default is remedied and the consequences are nullified."